

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John T. Hutchison
County Attorney, Lamar County
Paris, Texas

Dear Sir:

Opinion No. C-6160
Re: Whether the Commissioners'
Court of Lamar County is
authorized to pay to the
City of Paris, Texas, a
$100.00 per month for aid
and assistance given by
the Fire Department of
said City to property lo-
cated outside of the city
limits, and a related
matter.

Your letter of August 10, 1944, requesting the opinion
of this department on the questions stated therein, is, in part,
as follows:

"Is the Commissioners' Court of Lamar County,
Texas, authorized to pay the City of Paris, Texas,
$100 per month for aid and assistance given to the
Fire Department of said city to property located
outside of the city limits?

"If your answer to the first question is yes,
then is the County Auditor of Lamar County author-
ized to pay said $100 per month; and if so, out of
what fund would he be authorized to pay same?"

Article 2351a-1, Vernon's Annotated Civil Statutes,
provides:

"The commissioners' court in all counties of
this State shall be authorized to furnish fire pro-
tection and fire fighting equipment to the citizens
of such county residing outside the city limits of
any city, town, or village within the county and/or
adjoining counties. The commissioners' court shall
have the authority to purchase fire trucks and other
fire-fighting equipment by first advertising and re-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John T. Hutchison, page 2

ceiving bids thereon as provided by law. The
commissioners' court of any county of this
State shall also have the authority to enter
into contracts with any city, town, or village
within the county and/or adjoining counties,
upon such terms and conditions as shall be
agreed upon between the commissioners' court
and the governing body of such city, town, or
village, for the use of the fire trucks and
other fire fighting equipment of the city, town,
or village. It is specifically provided that the
acts of any person or persons while fighting fires,
traveling to or from fires, or in any manner fur-
nishing fire protection to the citizens of a
county outside the city limits of any city, town,
or village, shall be considered as the acts of
agents of the county in all respects, notwithstand-
ing such person or persons may be regular employees
or firemen of the city, town, or village. No city,
town, or village within the county and/or adjoin-
ing counties, shall be held liable for the acts
of any of its employees while engaged in fighting
fires outside the city limits pursuant to any
contractthheretofore entered into between the com-
missioners court of the county and the governing
body of the city, town, or village. Provided,however,
that any fire equipment purchased by any county shall
be done only by a majority vote of property owning
taxpayers and qualified votes of such county at a
county-wide election called for such purpose."

Generally speaking, the authority of the commissioners'
court as the governing body of the county to make contracts in
its behalf is strictly limited to that conferred either express-
ly or by fair or necessary implication by the constitution and
statutes of this State. (Tarrant County vs. Rogers, 125 S. W.
592; Baldwin vs. Travis County, 88 S. W. 480). The authority
to contract on behalf of the county is vested alone in the
commissioners' court in the absence of a statute authorizing
some other agency to contract; and if an agreement is not made

through or sanctioned by such agency, it binds neither the county nor the individual. (Sparks vs. Kaufman County, 194 S. W. 605; American Disinfecting Company vs. Freestone County, 193 S. W. 440; Texas Jurisprudence, Vol. 11, page 630.) The commissioners' court must have authority of law for its contracts, and, if the authority has been given, a reasonable construction of it will be given to affect its purpose. (Commissioners' Court vs. Wallace, 15 S. W. 2d, 525).

Article 2351a-1, supra, specifically authorizes the commissioners' court of any county of this State to enter into contracts with any city, town, or village within the county and/or adjoining counties upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of the city, town, or village for the use of fire trucks and other fire fighting equipment of the city, town or village. Therefore, you are respectfully advised that it is the opinion of this department that the Commissioners' Court of Lamar County is authorized under the law to enter into a contract with the City of Paris to provide for fire-fighting facilities to protect property located outside of the city limits of Paris. Specifically answering your first question, you are advised that the Commissioners' Court of Lamar County is authorized to contract with the City of Paris to provide for fire-fighting facilities and pay the city $100.00 per month for such services, provided such expenditures are made in compliance with the county budget and the law applicable to the county budget.

In answer to your second question, you are advised that it is our opinion, in view of our answer to your first question, the county auditor is authorized to approve claims for the sum of $100.00 per month for the above mentioned services, provided that a contract has been made by and between the county and city for such services, and that such payments must be made out of the general fund of the county. All county expenditures lawfully authorized to be made by a county must be paid out of the county's general fund, unless there is some law which makes them a charge against the special fund. (Williams vs. Carroll, 182 S. W. 29; Bexar County, et al, vs. Mann, 157 S. W. 2d, 134).

Yours very truly

ATTORNEY GENERAL OF TEXAS

Ardell Williams
Ardell Williams
Assistant

AW:rt

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN